UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ARTISTRY FABRICS, INC. d/b/a HAMIL
TEXTILES,

             Plaintiff,

                                CIVIL ACTION NO.  07 CIV. 4842 (GEL)
    -against-                    **COMPLAINT**

THE CATO CORPORATION, CATO STORES,
INC. and DAGIA'S, INC. d/b/a/ Red Hot,

             Defendants.
-------------------------------------------------------------X

       Plaintiff Artistry Fabrics, Inc. d/b/a Hamil Textiles,  by its attorneys, Fogel & Wachs PC, as and for its Complaint against the defendants, states and alleges as follows:

## JURISDICTION

       1.      This is an action for infringement under the Copyright Law of the United States, 17 U.S.C. 101 <u>et.</u> <u>seq</u>. and unfair competition as hereinafter more fully appears.  Jurisdiction is conferred on this Court by 28 U.S.C. 1338.  Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 and 1400.

## THE PARTIES

       2.      Plaintiff is a foreign corporation doing business in the State of New York, with its principal place of business in the State of New York located at 469 Seventh Avenue, New York, New York.  Plaintiff is a designer, importer and wholesaler of finished textiles.

       3.      Upon information and belief, defendant Dagia's Inc., d/b/a/ Red Hot ("Dagia's")  is a New York corporation with its principal place of business located at 1407 Broadway, New York, New York 10018.  Dagia's is a manufacturer and/or distributor and/or importer of wearing apparel.

4.      As alleged below, defendant Dagia's has manufactured and/or distributed and/or sold garments manufactured from fabric containing a design which is substantially similar to Plaintiff's original work known as "Des #26614 Tropical Jacobean" ("Copyrighted Work") and which infringes Plaintiff's copyright and the exclusive exploitation right of Plaintiff as set forth hereinafter.

5.      Upon information and belief, defendants The Cato Corporation ("Cato") and Cato Stores, Inc. ("Cato Stores") are affiliated foreign corporations which sell garments to the public through retail stores and which do business in the State of New York and County of New York. Defendant Cato's registered agent in the State of New York is located at CT Corporation System, 111 Eighth Avenue, New York, New York 10011.  As alleged below, defendants Cato and/or Cato Stores have purchased from defendant Dagia's for resale purposes, and have sold, garments manufactured from fabric containing a design which is substantially similar to Plaintiff's Copyrighted Work and which infringes Plaintiff's copyright and the exclusive exploitation right of Plaintiff as set forth hereinafter.

6.      Upon information and belief, the defendants, either directly or through agents in their employ, transact business within this district, have committed tortious acts within this district, derive substantial revenue from intrastate and interstate commerce and have committed tortious acts without this district having consequences within this district, and/or said defendants are otherwise within the jurisdiction of this court.

## COUNT I - COPYRIGHT INFRINGEMENT

7.      Plaintiff's Copyrighted Work is an original work of art which was created in 2002.  A photocopy of the Copyrighted Work is annexed hereto as Exhibit "A."

8.      The Copyrighted Work is copyrightable subject matter under the Copyright Law

of the United States. Plaintiff's assignor ("Assignor"), Tangiers International, Ltd., secured statutory Copyright in the Copyrighted Work and transferred the Copyright to the Plaintiff in October 2006. As used hereinafter where the context requires, "Plaintiff" means the Plaintiff and/or its Assignor.

9. Plaintiff has duly complied in all respects with the provisions of the Copyright Law of the United States, and has secured the exclusive rights and privileges in and to the Copyrighted Work and Plaintiff' thereupon requested and received from the Register of Copyrights, a Certificate of Registration pertaining to the Copyrighted Work, identified as follows: VA 1-256-104. A copy of said certificate is annexed hereto as Exhibit "B."

10. All authorized copies of the Copyrighted Work have been published only by Plaintiff, and copies of it have been produced, reproduced and published in conformity with the provisions of the Copyright Law of the United States.

11. At all relevant times, Plaintiff has been and is the sole proprietor of all rights, title and interest in the copyright and the right to exploit the copyright of the Copyrighted Work.

12. Pursuant to such sole and exclusive rights, Plaintiff commenced and has since continued to produce and sell fabrics for wearing apparel and other purposes bearing copies of the Copyrighted Work and has promoted and offered for sale and sold such materials to manufacturers of garments and/or others.

13. In May 2002, Plaintiff first published the Copyrighted Work.

14. Upon information and belief, at some time presently unknown after the date of first publication by Plaintiff, the defendants have infringed Plaintiff's copyright by causing to be manufactured, purchasing for resale, offering for sale and/or selling, without Plaintiff's consent,

fabric and garments made from fabric containing a design which is copied from Plaintiff's Copyrighted Work. Photocopies of three such infringing garments are annexed hereto collectively as Exhibit "C".

15. Commencing at some time presently unknown after the date of first publication by Plaintiff, the defendants have been selling and otherwise marketing merchandise containing a design clearly copied from Plaintiff's Copyrighted Work and have thereby been engaging in copyright infringement against Plaintiff to Plaintiff's irreparable damage.

16. Plaintiff has produced its Copyrighted Work on fabrics and has sold the finished goods bearing the Copyrighted Work to garment manufacturers and/or others.

17. As a result of Plaintiff's expenditure of money and skill in the development and promotion of the Copyrighted Work, Plaintiff's design has acquired a market value in the trade which is the result of Plaintiff's said expenditure and skill.

18. Defendants' copies of the Copyrighted Work are substantially similar to and indistinguishable from the Copyrighted Work.

19. Defendants' infringing design is clearly copied from the Copyrighted Work.

20. The layout of defendants' design is the same as that of the Copyrighted Work.

21. Defendants, by their acts as aforesaid, have taken advantage of the knowledge, skill and expenditures of Plaintiff and the goodwill developed by Plaintiff and have capitalized upon the market created by Plaintiff for its Copyrighted Work.

22. Upon information and belief, the aforesaid acts of the defendants in manufacturing, causing to be manufactured, offering for sale and selling fabrics and merchandise made from fabrics containing the infringing design were done knowingly, willfully and

committed with the intent of depriving Plaintiff of the commercial benefit of its copyright.

23. Plaintiff has been damaged thereby, and plaintiff's damages are continuing and will be irreparable unless enjoined.

WHEREFORE, Plaintiff Artistry Fabrics,, Inc., d/b/a Hamil Textiles demands judgment against the defendants as follows:

1. That Defendants, their agents, servants and employees be enjoined from infringing the said Copyright Registration No. VA 1-256-104 of Plaintiff in any manner, and from manufacturing, promoting, selling, marketing or otherwise disposing of any fabric and/or garments and/or other merchandise containing the design copied from Plaintiff's Copyrighted Work.

2. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of their infringements of said copyright and unfair trade practices and unfair competition and to additionally account for:

    a) all gains, profits and advantages derived by Defendants by said unfair trade practices and unfair competition; and

    b) all gains, profits and advantages derived by Defendants by their infringement of Plaintiff's copyright and such other damages as to the Court shall appear proper within the provisions of the Copyright Law.

3. That Defendants be required to deliver up to be impounded during the pendency of this action, all copies of said infringing work of art in their possession or under their control and to deliver up for destruction all plates, screens, films, computer tapes and other matter for making such infringing copies.

4.    That Defendants pay to Plaintiff statutory damages pursuant to the Copyright Law.

5.    That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees pursuant to the Copyright Law.

6.    That Plaintiff have such other and further relief as is just.

DATED:  NEW YORK, NEW YORK           FOGEL & WACHS PC
        June 6, 2007                 Attorneys for Plaintiff
                                     420 Fifth Avenue - 26th Floor
                                     New York, New York 10018
                                     (212) 944 - 1580


                                     BY:---------------------------------------
                                         LOUIS I. FOGEL ( LF 0627)