UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTISTRY FABRICS, INC.<br>d/b/a HAMIL TEXTILES,<br><br>                  **Plaintiff,**<br><br>   v.<br><br>THE CATO CORPORATION,<br>CATO STORES, INC. AND DAGIA'S INC.<br>d/b/a RED HOT,<br><br>                  **Defendants.** | **Case No. 07 CV 4842 (GEL)** |
| THE CATO CORPORATION and<br>DAGIA'S INC.,<br><br>                  **Counterclaim Plaintiffs,**<br><br>   v.<br><br>ARTISTRY FABRICS, INC.<br>d/b/a HAMIL TEXTILES,<br><br>                  **Counterclaim Defendants.** | **ANSWER,<br>AFFIRMATIVE DEFENSES,<br>COUNTERCLAIMS AND<br>JURY DEMAND** |

      Defendants, The Cato Corporation ("Cato") and Dagia's Inc. ("Dagia's") (collectively, "Defendants") by and through their attorneys, Alston & Bird LLP, answer the First Amended Complaint of Artistry Fabrics, Inc. d/b/a/ Hamil Textiles ("Hamil" or "Plaintiff") as follows:

## JURISDICTION

      1.      Paragraph 1 of the Complaint contains legal conclusions, to which no response is required. To the extent any response is required, Defendants deny each and every allegation in paragraph 1 of the Complaint.

## **THE PARTIES**

2.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore deny them.

3.	Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.	Defendant Dagia's admits that it has manufactured and distributed and sold garments manufactured from fabric shown in Exhibit C to the Complaint. Defendants specifically deny that the pattern shown in Exhibit A to the Complaint (the "Hamil Pattern"), is an original work authored by Plaintiff, and deny that Plaintiff has a valid copyright in such pattern. Defendants deny all other allegations contained in paragraph 4 of the Complaint.

5.	Defendants admit that Cato is a foreign corporation that is registered to do business in the State of New York and County of New York, and admit that Cato's registered agent in the State of New York is CT Corporation System, 111 Eighth Ave., New York, NY 10011. Defendants admit that Cato has purchased garments from Dagia's manufactured from the fabric shown in Exhibit C to the Complaint, and have re-sold such garments. Defendants specifically deny that Plaintiff has a valid copyright in the Hamil Pattern. Defendants deny all other allegations contained in paragraph 5 of the Complaint.

6.	Defendants admit that they transact business within this district. Defendants deny all other allegations contained in paragraph 6 of the Complaint.

## COUNT I – COPYRIGHT INFRINGEMENT

7. Defendants deny each and every allegation contained in paragraph 7 of the Complaint.

8. Defendants deny that the Hamil Pattern is copyrightable subject matter. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and therefore deny them.

9. Defendants deny that Plaintiff has a valid copyright in the Hamil Pattern. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint, and therefore deny them.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore deny them.

11. Defendants deny that Plaintiff has a valid copyright in the Hamil Pattern. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, and therefore deny them.

12. Defendants deny that Plaintiff has a valid copyright in the Hamil Pattern. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and therefore deny them.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore deny them.

14. Dagia's admits that it caused to be manufactured, offered for sale and sold garments with the appearance shown in Exhibit C to the Complaint. Cato admits that it purchased and re-sold garments with the appearance shown in Exhibit C to the Complaint. Defendants deny that Plaintiff has a valid copyright in the Hamil Pattern, and deny that they have infringed any such copyright. Defendants deny all other allegations in paragraph 14 of the Complaint.

15. Dagia's admits that it has sold merchandise with the appearance shown in Exhibit C to the Complaint. Cato admits that it purchased and re-sold merchandise with the appearance shown in Exhibit C to the Complaint. Defendants deny that Plaintiff has a valid copyright in the Hamil Pattern, and deny that they have infringed any such copyright. Defendants deny all other allegations in paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint, and therefore deny them.

17. Upon information and belief, Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny each and every allegation contained in paragraph 18 of the Complaint.

19. Defendants deny each and every allegation contained in paragraph 19 of the Complaint.

20. Defendants deny each and every allegation contained in paragraph 20 of the Complaint.

21. Defendants deny each and every allegation contained in paragraph 21 of the Complaint.

22. Defendants deny each and every allegation contained in paragraph 22 of the Complaint.

23. Defendants deny that Plaintiff is entitled to the relief sought in each of the paragraphs following the Wherefore clause in the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's alleged copyright is invalid.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, consent and estoppel.

4. Plaintiff's claims are barred by the equitable doctrine of laches.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

6. Plaintiff has failed and refused to mitigate its damages, if any, and any award of damages must therefore be diminished.

7. Plaintiff's claims are barred because any of Plaintiff's claimed losses or expenditures incurred were solely the result of Plaintiff's own culpable conduct.

8. Defendants had no notice of Plaintiff's alleged copyright, and, as such, any infringement was innocent and done without knowledge.

9.      Plaintiff's claims are barred by the common law defense of forum non conveniens. The court should exercise its inherent authority to dismiss this case for the convenience of the parties and in the interests of justice, for refiling in the proper forum, where adequate legal remedy exists.

## COUNTERCLAIMS

Defendants-Counterclaim Plaintiffs, The Cato Corporation and Dagia's Inc. d/b/a/ Red Hot ("Counterclaim Plaintiffs") enter the following counterclaims against Plaintiff-Counterclaim Defendant Artistry Fabrics, Inc. d/b/a/ Hamil Textiles ("Hamil"), and allege:

## PARTIES

1.  Defendant-Counterclaim Plaintiff The Cato Corporation ("Cato") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 8100 Denmark Road, Charlotte, North Carolina 28273.

2.  Defendant-Counterclaim Plaintiff Dagia's Inc. d/b/a/ Red Hot ("Dagia's") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 150 Carol Pl., Moonachie, New Jersey 07074.

3.  Upon information and belief, Plaintiff-Counterclaim Defendant Hamil is a corporation organized and existing under the laws of Nevada, with its principal place of business at 711 S. Carson Street, Carson City, Nevada 89701.

## JURISDICTION AND VENUE

4.  This is an action seeking declaratory judgment, damages, injunctive relief and attorneys' fees based upon 28 U.S.C. §2201 and 17 U.S.C. §§102 and 501.

5.  The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.  Venue is proper under 28 U.S.C. § 1391 and 1400.

**BACKGROUND**

7. Cato sells clothing, shoes and accessories, and has over 1,000 clothing stores, located in 31 states throughout the U.S.

8. The designs used in Cato's clothing are sourced primarily through two channels: (a) internally by Cato representatives, and (b) through contract vendors such as Dagia's.

9. In order to gather inspiration for fabric designs, Cato representatives routinely travel throughout the world, including to countries such as Hong Kong, India and Bangladesh.

10. In 2006, a Cato representative traveled to Hong Kong and viewed a wide variety of fabrics, many containing floral/botanical patterns. Cato found one pattern containing a Jacobean floral/botanical pattern combined with metallic threads (generally called Lurex) particularly appealing (the "Lurex Sample") and brought it back to Cato headquarters in the U.S.

11. The Cato representative had seen many similar floral/botanical patterns over the course of her more than 20 years in the garment industry. When she saw the Lurex Sample, she knew it was substantially similar to many other patterns she had seen throughout her career, in the past ten years in particular, and several years predating 2002. She therefore believed the Lurex Sample to be in the public domain.

12. Upon information and belief, the Lurex Sample is in the public domain, and not protected by copyright.

13. Inspired by the Lurex Sample, Cato designers made changes to it before approving the final design (the "New Lurex Pattern").

14. Cato sent the New Lurex Pattern to a contract vendor in Bangladesh. The vendor contracted with a mill in China to manufacture the fabric, which fabric the vendor then used to manufacture two shirt styles for Cato (the "New Lurex Shirts"). The vendor affixed the New Lurex Shirts with the Cato label, and shipped them to Cato's central distribution center for distribution to Cato's retail stores.

15. Dagia's manufactures shirts and sells them to various retailers. Dagia's designs for the fabrics in its shirts are developed by its own staff and outside contract art studios. Once a design is completed, it is sent to a contract factory in Asia for production.

16. Dagia's designers regularly travel overseas to view trends in fashion and to seek inspiration for fabric and clothing design.

17. Dagia's has been selling shirts to Cato for over fifteen (15) years.

18. On or about April, 2006, a Dagia's representative saw a Jacobean floral/botanical pattern (the "Jacobean Pattern") which was substantially similar to numerous other patterns that she had seen over many years in the fabric and clothing marketplace, in Europe, the United States and Asia. Because the Jacobean Pattern was so similar to other patterns she had seen, she believed the Jacobean Pattern to be in the public domain.

19. Upon information and belief, the Jacobean Pattern is in the public domain, and not protected by copyright.

20. Dagia's designed a shirt in a fabric printed with the Jacobean Pattern (the "Red Hot Shirt").

21. The clothing pattern and the Jacobean Pattern fabric were sent to an overseas manufacturer where an order of the Red Hot Shirts was produced.

22. The manufacturer affixed the Cato label to the Red Hot Shirts and shipped them to Cato's central distribution center for distribution to Cato's retail stores.

23. Hamil filed an action for copyright infringement on June 7, 2007. Based on a demand by counsel for Hamil, and facing an imminent motion for a preliminary injunction, without admitting any liability for any of the claims asserted against them, Cato ordered its stores to cease sales of the Red Hot Shirts and New Lurex Shirts on or about June 22, 2007.

## CLAIM I

## DECLARATORY JUDGMENT OF INVALID COPYRIGHT

24. Defendants-Counterclaim Plaintiffs repeat and reaver each and every allegation of paragraphs 1 through 23 of this Counterclaim as though set forth fully herein.

25. The filing of the Complaint by Plaintiff-Counterclaim Defendant indicates that there is a substantial actual controversy between Plaintiff-Counterclaim Defendant and Defendants-Counterclaim Plaintiffs as to whether Defendants-Counterclaim Plaintiffs commit, or have committed, copyright infringement, as to whether Defendants-Counterclaim Plaintiffs' are liable for any or all of the same, and as to whether Plaintiff-Counterclaim Defendant has a valid copyright in the Hamil Pattern.

26. Upon information and belief, the Hamil Pattern in which Hamil alleges a copyright interest is not protectable by copyright under the doctrines of merger and scenes a faire.

27. Upon information and belief, the Hamil Pattern in which Hamil alleges a copyright interest is not an original work of authorship within the meaning of 17 U.S.C. § 102, and the copyright is thus invalid.

28. Upon information and belief, Hamil had full knowledge that the Hamil Pattern was not an original work of authorship but, notwithstanding Hamil knowingly and willfully sought copyright registration and brought this action without justification.

29. Defendants-Counterclaim Plaintiffs seek judgment that Plaintiff-Counterclaim Defendant's copyright registration attached as Exhibit B to the Complaint is not valid.

30. Defendants-Counterclaim Plaintiffs have been irreparably harmed by Plaintiff-Counterclaim Defendant's copyright registration and claims of infringement, and Defendants-Counterclaim Plaintiffs have no adequate remedy at law.

## CLAIM II

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

31. Defendants-Counterclaim Plaintiffs repeat and reaver each and every allegation of paragraphs 1 through 30 of this Complaint as though set forth fully herein.

32. The filing of this Complaint by Plaintiff-Counterclaim Defendant indicates that there is a substantial actual controversy between Plaintiff-Counterclaim Defendant and Defendants-Counterclaim Plaintiffs as to whether Defendants-Counterclaim Plaintiffs commit, have committed and are liable for copyright infringement under 17 U.S.C. § 501(b).

33. Upon information and belief, the Hamil Pattern in which Hamil alleges a copyright interest is not protectable by copyright according to the doctrines of merger and scenes a faire.

34. Upon information and belief, the Hamil Pattern allegedly copyrighted by Hamil is not an original work of authorship within the meaning of 17 U.S.C. § 102, and the copyright is thus invalid.

35. The New Lurex Shirts are not made from fabric that has a pattern that is substantially similar to the Hamil Pattern in which Hamil alleges a copyright interest.

36. Defendants-Counterclaim Plaintiffs do not commit, have not committed and are not liable for copyright infringement under 17 U.S.C. § 501(a).

37. Upon information and belief, Hamil had full knowledge that the Hamil Pattern was not an original work of authorship but, notwithstanding that knowledge, Hamil knowingly and willfully sought copyright registration and brought this action without justification.

38. Upon information and belief, Hamil had full knowledge that the fabrics in the Lurex Shirts were not substantially similar to the Hamil Pattern but, notwithstanding that knowledge, Hamil knowingly and willfully brought this action without justification.

39. Defendants-Counterclaim Plaintiffs seek judgment that they do not commit, have not committed and are not liable for copyright infringement under 17 U.S.C. § 501(a).

40. Defendants-Counterclaim Plaintiffs have been irreparably harmed by Plaintiff-Counterclaim Defendant's copyright registration and claims of infringement, and Defendants-Counterclaim Plaintiffs have no adequate remedy at law.

**CLAIM III**

**TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS UNDER NEW YORK COMMON LAW**

41. Defendants-Counterclaim Plaintiffs repeat and reaver each and every allegation of paragraphs 1 through 40 of this Complaint as though set forth fully herein.

42. Hamil has acted purposefully and with malice in attempting to interfere with the business relations of Cato by attempting to enforce an invalid copyright.

43. Hamil has acted purposefully and with malice in attempting to interfere with the business relations of Cato by wrongfully claiming that Cato has infringed the Hamil Pattern.

44. As a result of Hamil's baseless attempt to enforce an invalid copyright, Cato has discontinued distributing the Red Hot Shirts and the New Lurex Shirts.

45. As a result of Hamil's intentional interference with Cato's business relations, Cato has suffered and will continue to suffer monetary losses and immediate and irreparable harm to its business and goodwill, in an amount to be determined at trial, and for which for which it has no adequate remedy at law.

46. Hamil has acted purposefully and with malice in attempting to interfere with the business relations of Dagia's by attempting to enforce an invalid copyright.

47. As a result of Hamil's baseless attempt to enforce an invalid copyright, Dagia's has discontinued distributing the Red Hot Shirts.

48. As a result of Hamil's intentional interference with Dagia's business relations, Dagia's has suffered and will continue to suffer monetary losses and immediate and irreparable harm to its business and goodwill, in an amount to be determined at trial, and for which for which it has no adequate remedy at law.

## JURY DEMAND

Defendants-Counterclaim Plaintiffs demand a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE Defendants-Counterclaim Plaintiffs respectfully request that this Court enter judgment:

A.  dismissing Plaintiff's Complaint in its entirety;

B.  denying Plaintiff's demand for injunctive relief in its entirety;

C.  declaring that Plaintiff has no valid copyright in the pattern shown in Exhibit A to the Complaint;

D.  declaring that Defendants have not and do not infringe Plaintiff's alleged copyright attached as Exhibit B to the Complaint;

E.  finding that Plaintiff has tortiously interfered with Defendants' prospective business relations;

F.  granting Defendants-Counterclaim Plaintiffs compensatory and punitive damages;

G.  granting Defendants-Counterclaim Plaintiffs an award of their costs and attorneys fees incurred in bringing this action;

H.  granting such other and further relief as the Court finds just and proper.

Dated: New York, New York
November 20, 2007

Respectfully submitted,

ALSTON & BIRD LLP

By: __/s/Robert E. Hanlon_____
   Robert E. Hanlon (RH-8794)
   Sarah C. Hsia (SH-1030)
   90 Park Avenue
   New York, New York 10016
   (212) 210-9400 (voice)
   (212) 210-9444 (fax)

*Attorneys for Defendants-Counterclaim Plaintiffs The Cato Corporation and Dagia's Inc d/b/a/ Red Hot*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 20th day of November 2007 caused a copy of Answer, Affirmative Defenses, Counterclaims and Jury Demand to Plaintiff, via first class mail to the following address:

Louis I. Fogel, Esq.
Fogel & Wachs PC
420 Fifth Avenue 26th Floor
New York, NY 10018
Email: lfogel@fogelandwachs.com

                                          ALSTON & BIRD LLP

                                          By: s/ Yolanda Sanchez
                                               Yolanda Sanchez