*LYNCH, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTISTRY FABRICS, INC.
d/b/a HAMIL TEXTILES,

          Plaintiff,

v.

THE CATO CORPORATION,
CATO STORES, INC. AND DAGIA'S INC.
d/b/a RED HOT,

          Defendants.

THE CATO CORPORATION and
DAGIA'S INC.,

          Counterclaim Plaintiffs,

v.

ARTISTRY FABRICS, INC.
d/b/a HAMIL TEXTILES,

          Counterclaim Defendants.



Case No. 07 CV 4842 (GEL)

## STIPULATED PROTECTIVE ORDER

    In order to preserve and maintain the confidentiality of certain documents to be produced by the Parties (Plaintiff and Defendants) and Non-Parties in this action, it is mutually agreed that:

    1.    Documents to be produced by the Parties or Non-Parties during disclosures and/or discovery in this litigation which contain confidential information shall hereafter be referred to "Protected Documents." When used in this Agreement, the word "documents" means all written material, videotapes and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise. Except as otherwise indicated below, documents designated by the Producing Party as "Confidential" shall be

Protected Documents and given confidential treatment as described below. The Producing Party will visibly mark all confidential material "Confidential" and will not mark any other material "Confidential."

2.  If the Non-producing Party disagrees with the "Confidential" designation of any document, the Non-producing Party will so notify the Producing Party in writing. Within 10 business days of receipt of such notice, the Parties will confer to attempt to resolve their dispute. If the Parties are unable to agree after such a conference, the Non-producing Party may apply to this Court to set a hearing for the purpose of establishing whether said document is confidential. The Court may order the non-prevailing party on such a motion to pay costs associated with such a motion upon a determination that the motion or opposition thereto was unreasonable. The Parties will treat any document marked as "Confidential" in accordance with the terms of this protective order until the Court's ruling on the disputed documents.

3.  Both the Protected Documents and the information contained therein shall be treated as confidential, and shall not be used or disclosed except for the purposes of this Action and in accordance with the terms of this Protective Order. Except upon the prior written consent of the Producing Party or upon order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

    (a)  Two representatives of each of the Parties, who shall be designated by the Parties prior to their receipt of Protected Documents or the information contained therein by written notice to the other Parties;

LEGAL02/30593202v2

(b) Parties' counsel of record in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(c) Employees of Parties' counsel or of associated counsel, who assist in the preparation of or trial of this case;

(d) Experts and consultants retained by the Parties for the preparation or trial of this case, provided that any expert or consultant reviewing Protected Documents containing financial information shall not be employed by a direct competitor of the Producing Party; and

(e) The Court, the Court's staff, witnesses, and the jury in this case;

4. Before initially receiving access to any of the Protected Documents or the information contained therein, each person described in Paragraphs 3(a) and 3(d) above shall be advised of the terms of this Order, shall be given a copy of this Protective Order, and shall agree in writing, in the form attached hereto as Exhibit "A" to be bound by its terms and to submit to the jurisdiction of this Court regarding the enforcement of this Order.

5. To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order. Counsel may designate all or part of the transcript of a deposition as "Confidential," and such testimony shall be treated by the parties in accordance with this Order.

6. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, either through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

7. This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the Parties. If any provision if this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

8. This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon their and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

9. Within twenty (20) days of the final termination of this action, counsel of record for the Non-Producing Party shall either: i) assemble and return to counsel of record for the Producing Party all confidential material produced, including all copies, photographs, recordings, reproductions of every kind, and any direct quote or excerpt from confidential material; or ii) send a letter to counsel of record for the Producing Party certifying that all such material has been destroyed. Confidential excerpts and exhibits from any depositions in this matter shall be returned or destroyed either by returning or destroying the entire deposition transcript or those portions designated as confidential by

the producing party. All signed Affidavits containing Confidential material shall also be returned or destroyed as provided in this paragraph. Any confidential material entered on to a computer database or other retrieval system shall be deleted and written over or formatted. If counsel of record for the Non-Producing Party elects to return the confidential material, the confidential material being returned shall be transmitted by cover letter which includes a certification that all confidential materials produced in this matter are being returned. Counsel of record may retain one copy of all such materials for its internal files, but may neither use nor disclose that material for any purpose except pursuant to court order or the consent of the Producing Party.

STIPULATED AND AGREED:

_____
Louis I. Fogel (LF-0627)
Fogel & Wachs PC
420 Fifth Ave – 26th Floor
New York, NY 10018
Telephone: (212) 944-1580

*Attorneys for Plaintiffs*

_____
Robert E. Hanlon (RH-8794)
Sarah C. Hsia (SH-1030)
Alston & Bird LLP
90 Park Ave.
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Defendants*

SO ORDERED by the Court this 30th day of Jan, 2008.

_____
U.S. District Judge

- 5 -

LEGAL02/30593202v2